# EXHIBIT C

December 11, 2018

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
75 Lower Welden St.
St. Albans, VT 05479



**U.S. Citizenship
and Immigration
Services**



EAC1814751710

VCAN BIO USA CO LTD
c/o JASON GERROL
NIXON PEABODY LLP
100 SUMMER STREET FL 25
BOSTON, MA 02110

RE: JIA YAN HAO
I-129, Petition for a Nonimmigrant Worker

## DECISION

Dear Sir/Madam,

On April 12, 2018, you filed a Form I-129, Petition for a Nonimmigrant Worker to classify the beneficiary under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (the Act).

Section 101(a)(15)(H)(i)(b) of the Act relates to an alien:

...who is coming temporarily to the United States to perform services...in a specialty occupation described in section 214(i)(1)..., who meets the requirements for the occupation specified in section 214(i)(2)..., and with respect to whom the Secretary of Labor determines and certifies to the Attorney General that the intending employer has filed with the Secretary an application under 212(n)(1).

Further, section 214(i)(1) of the Act defines "specialty occupation" as:

...an occupation that requires--

(A) theoretical and practical application of a body of highly specialized knowledge, and

(B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

"Specialty occupation" is defined at Title 8 Code of Federal Regulations (8 CFR), section 214.2(h)(4)(ii) as:

...an occupation which requires theoretical and practical application of a body of highly specialized knowledge in such fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States.



Additionally, 8 CFR, section 214.2(h)(4)(iii)(A) requires a specialty occupation to meet one of the following criteria:

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

> (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

> (3) The employer normally requires a degree or its equivalent for the position; or

> (4) The nature of the specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

To be consistent with section 214(i)(1) of the Act, U.S. Citizenship and Immigration Services (USCIS) interprets the term "degree" set forth in the criteria at 8 CFR, section 214.2(h)(4)(iii)(A) to mean not just any baccalaureate or higher degree, but one in a specific specialty that is directly related to the offered position.

In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefits sought. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966).

The record shows your organization was established in 2016 as a biotechnology business. You have seven current employees, an undisclosed gross annual income, and an undisclosed net annual income. You seek to employ the beneficiary in the position of "Financial Analyst" for a temporary period of nearly three years. You provided a certified labor condition application (LCA) which includes a signed statement that you will comply with the terms of the LCA. The beneficiary possesses a Bachelor of Science in Business Administration degree.



In evaluating your eligibility, USCIS must determine whether you have established that the offered position qualifies as a specialty occupation.

USCIS does not use the job title, by itself, when determining whether a particular position qualifies as a specialty occupation. The specific duties of the offered position, combined with the nature of the petitioning entity's business operations, are factors that USCIS considers. With the initial filing, you submitted the following description of duties for the offered position:

- Study industries and financial market data and changes by in-depth sector analysis to provide financial trends and forecasts in order to recommend future investment focus to management;
- Identify investment opportunities by analyzing their business plans and financial forecasts;
- Prepare and review materials used in financing transactions, and coordinate financial information requirements;
- Perform due diligence, research, analysis, and documentation of live financial transactions;
- Improve company's financial status by analyzing results, monitoring variances, identifying trends, and recommending actions to the management of the portfolio companies;
- Develop various types of financial models to value debt and equity for mergers, acquisitions, and capital raising transactions for portfolio companies; and

● Contribute to team effort by accomplishing related financial results as needed.

You state "[f]or the position of Financial Analyst, Vcan Bio USA requires at least a Bachelor's degree in accounting, finance, business administration (finance) or other related discipline."

Additionally, you provided the following evidence to establish that the offered position qualified as a specialty occupation:

● Your letter of support; and
● Printouts from your website.

On August 27, 2018, USCIS informed you in a Request for Evidence (RFE), that the initial evidence did not establish that the job offered requires the services of a person performing the duties of a specialty occupation. You were requested to submit evidence showing that the offered position qualifies as a specialty occupation.

On November 15, 2018, USCIS received your response, which included the following:

● USCIS's RFE;
● A letter from your attorney;
● Your response to the RFE;
● Your job announcement;
● An expert opinion letter from Dr. Richard W. Sapp;
● Dr. Sapp's Curriculum Vita;
● Your organizational chart;
● Your Chief Investment Officer's resume;
● Your employees' resumes and academic credentials;
● The beneficiary's resume and academic credentials;
● Your employee roster of individuals holding "Analyst" positions;
● The Department of Labor's Occupational Outlook Handbook (*OOH*) "Disclaimer" webpage;
● The Department of Labor's *OOH* Summary for "Financial Analysts";
● A Study.com article entitled "Financial Analyst: Educational Requirements for Financial Analysts";
● A U.S. News article on Financial Analysts; and
● Job announcements from various organizations.



In accordance with *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010), USCIS has examined the evidence of record for relevance, probative value, and credibility, both individually and within the context of the totality of the evidence, and determined that you have not established eligibility for the requested classification by a preponderance of the evidence. A detailed discussion of the grounds for denial and the related evidence follows.

### Specialty Occupation Determination

You must establish that the offered position is a specialty occupation as defined above. USCIS interprets "a bachelor's degree or higher in a specific specialty" as used above as "one that relates directly to the duties and responsibilities of a particular position." *See Royal Siam Corp. v. Chertoff*, 484 F.3d 139, 147 (1st Cir. 2007).

You indicated that the minimum entry requirements for the offered position are a wide variety of disparate fields of study, as the offered position requires a bachelor's degree in Accounting, Finance, Business Administration (Finance) or other related discipline. However, your job announcement shows that a "B.A. or B.S. is required with majors in finance, accounting, business, or applied

economics, or business administration or a related field, or an equivalent combination of education, training, and experience from which comparable knowledge, skills and abilities have been attained."

Contrary to your claimed requirements, your job announcement indicates that one of the minimum entry requirements for the offered position is a degree in business without further specialization or explanation. You have not sufficiently explained how this generalized field is a "body of highly specialized knowledge" that is directly related to the duties and responsibilities of the offered position and/or how each of the fields of study under this generalized heading would relate to the duties and responsibilities of the offered position. Nor have you explained this variance in educational requirements. Since there must be a close correlation between the required specialized studies and the position, the requirement of a degree with a generalized title, such as business administration, without further specification, does not establish the position as a specialty occupation. *Cf Matter of Michael Hertz Assocs.*, 19 I&N Dec. 558, 560 (Comm'r 1988). As such, an educational requirement that may be satisfied by an otherwise undifferentiated bachelor's degree in business administration is not sufficient to establish a requirement of a minimum of a bachelor's degree in a specific specialty. When there are inconsistencies in the record, it is the responsibility of the petitioner to resolve any such inconsistencies by using independent, objective evidence. Any attempt to explain or reconcile such inconsistencies will not suffice unless the petitioner submits competent objective evidence pointing to where the truth lies. See *Matter of Ho*, 19 I&N Dec. 582 (BIA 1988).

Accordingly, on the basis of the position's educational requirements alone, you have not established that the position is in a specialty occupation as defined above.

Therefore, the evidence of record does not satisfy the requirements of section 214(i)(1) of the Act: that the occupation requires the theoretical and practical application of a body of highly specialized knowledge and the attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

In addition, the evidence of record does not establish that the offered position as described meets any of the four criteria specified in 8 CFR, section 214.2(h)(4)(iii)(A). A detailed analysis of the evidence provided in relation to those four criteria follows.

**Qualifying Criteria**
To qualify as a specialty occupation, the position must have met at least one of the following criteria. USCIS will discuss each of the qualifying criteria for specialty occupation below.

**I.   Discussion of 8 CFR, section 214.2(h)(4)(iii)(A)(1)**

**Degree is Normally Minimum Requirement**

To meet this criterion, you must submit evidence showing that a bachelor's degree or higher in a specific specialty, or its equivalent, is normally the minimum requirement for entry into the particular position.

You submitted a certified LCA which lists an Occupation Title of "Financial Analysts."

USCIS routinely consults the U.S. Department of Labor's *OOH* for information about the educational requirements of particular occupations. The *OOH* states the following regarding the training and educational requirements for "Financial Analyst" positions:

> Financial analysts typically must have a bachelor's degree.



**Education**

Most positions require a bachelor's degree. A number of fields of study provide appropriate preparation, including accounting, economics, finance, statistics, and mathematics.

**Licenses, Certifications, and Registrations**

The Financial Industry Regulatory Authority (FINRA) is the main licensing organization for the securities industry. A license is generally required to sell financial products, which may apply to some financial analyst positions. Because most of the licenses require sponsorship by an employer, companies do not expect individuals to have these licenses before starting a job.

Employers often recommend certification, which can improve the chances for advancement. An example is the Chartered Financial Analyst (CFA) certification from the CFA Institute. Financial analysts can become CFA certified if they have a bachelor's degree, 4 years of qualified work experience, and pass three exams. Financial analysts can also become certified in their field of specialty.

The *OOH* does not indicate that Financial Analyst positions normally require a minimum of a bachelor's degree in a specific specialty. A range of educational credentials may qualify an individual to perform the duties of a Financial Analyst.

You provided the *OOH*'s "Disclaimer" webpage and emphasize that it states:



- ... the OOH provides a general, composite description of jobs and cannot be expected to reflect work situations in specific establishments or localities. The OOH, therefore, is not intended to, and should never, be used for any legal purpose; and
- The education information in the OOH presents the typical requirements for entry into the given occupation and does not describe the education and training of those individuals already employed in the occupation. In addition, education requirements for occupations may change over time and often vary by employer or state.

However, USCIS does not maintain that the *OOH* is the only authoritative source in establishing that a bachelor's degree or higher in a specific specialty, or its equivalent, is normally the minimum requirement for entry into the particular position. While you provided articles from Study.com and U.S. News, they are insufficient in satisfying this criterion as they both indicate a general-purpose Business Administration degree is sufficient for entry. Again, requiring such a degree, without more, will not justify a finding that a particular position qualifies for classification as a specialty occupation. *Royal Siam Corp.,* 484 F.3d at 147.

Moreover, as discussed above, you have not established how each of the qualifying fields of study that you have listed for the offered position is directly related to the duties and responsibilities of the position. Therefore, you have not established that a bachelor's degree or higher in a specific specialty, or its equivalent, is normally the minimum requirement for entry into the particular position by your own educational requirements.

Therefore, the evidence of record does not satisfy the criterion at 8 CFR, section 214.2(h)(4)(iii)(A)(1): that a baccalaureate or higher degree, or its equivalent, in a specific specialty, is normally the minimum requirement for entry into the particular position.

## II.   Discussion of 8 CFR, section 214.2(h)(4)(iii)(A)(2)

**Part 1 – Common to the Industry**

To meet this criterion, you must submit evidence showing that the degree requirement of a bachelor's degree or higher in a specific specialty, or its equivalent, is common to the industry in parallel positions among similar organizations.

As evidence that the degree requirement in a specific specialty is common to the industry in parallel positions among similar organizations, you submitted various job announcements posted by different companies. USCIS indicated that industry standards must be for similar positions among similarly situated companies. Therefore, it must be demonstrated that the petitioner and the organization share the same general characteristics. Such factors may include, but are not limited to, information regarding the nature or type of organization and the particular scope of the operation, as well as the level of revenue and staffing. You provided no additional information about the companies advertising the job announcements to establish they are similar to your organization.

Moreover, the job announcements do not establish that a bachelor's degree in a specific specialty is required for entry into the advertised positions. For instance, one job announcement simply indicates an undergraduate degree in Finance or Economics is required. Another indicates that a general-purpose bachelor's degree in Business is sufficient for entry.

Overall, the job postings suggest that although a degree is required for most of these positions, a bachelor's degree in a specific specialty or its equivalent is not. Thus, these postings do not establish that your industry requires the expertise of someone holding at least a bachelor's degree in a specific specialty to perform job duties similar to those of the offered position.

Moreover, as discussed above, you have not established how each of the qualifying fields of study that you have listed for the offered position is directly related to the duties and responsibilities of the position. Accordingly, the record does not establish how a bachelor's degree or higher in a specific specialty, or its equivalent, is common to the industry in parallel positions among similar organizations, if it is not the requirement of your own position.

Therefore, the evidence of record does not satisfy the first part of the criterion at 8 CFR, section 214.2(h)(4)(iii)(A)(2): that the degree requirement in a specific specialty is common to the industry in parallel positions among similar organizations.

**Part 2 – So Complex or Unique**

To meet this criterion, you must submit evidence showing that the particular position is so complex or unique that it can be performed only by an individual with a bachelor's degree or higher in a specific specialty, or its equivalent.

You also provided an expert opinion letter from Dr. Richard W. Sapp, a professor at Portland State University. Dr. Sapp states that after he reviewed the beneficiary's duties in your petition letter, the position "is a specialty occupation" and requires "the attainment of a Bachelor's degree in Accounting, Finance, Business Administration, or other related discipline." However, the requirement of a Business Administration degree, without more, is insufficient in establishing the position as a specialty occupation. USCIS references its previous discussions regarding a Business Administration degree.

In addition, your claim regarding the position's complexity is undercut by your Level I wage



designation on the LCA. Determining the appropriate wage level depends on full consideration of the experience, education, and skills required by the employer as indicators of the complexity of the job duties, the level of judgment, the amount of supervision given, and the level of understanding required to perform the job." Thus, your designation of the position as a Level I position based on the "experience, education, and skills required" suggests that it is not complex or unique relative to other positions in the same occupation that would be at a higher wage level.

Moreover, as discussed above, you have not established how each of the qualifying fields of study that you have listed for the offered position is directly related to the duties and responsibilities of the position. Accordingly, the record does not establish that the particular position is so complex or unique that it can be performed only by an individual with a bachelor's degree or higher in a specific specialty, or its equivalent, based on your own educational requirements.

Therefore, the evidence of record does not satisfy the second part of the criterion at 8 CFR, section 214.2(h)(4)(iii)(A)(2): that the employer's particular position is so complex or unique that it can be performed only by an individual with a degree in a specific specialty.

### III.  Discussion of 8 CFR, section 214.2(h)(4)(iii)(A)(3)

#### Petitioner Normally Requires Degree or its Equivalent

To meet this criterion, you must submit evidence showing that you normally require a bachelor's degree or higher in a specific specialty, or its equivalent, for the position.

You provided an employee roster for "Analyst Positions" held by individuals in your parent company as evidence of your hiring practices. However, your parent company is a separate, legal entity and is not the petitioner of the instant petition. Furthermore, you provided no evidence to corroborate the information on the roster. Therefore, the employee roster does not establish that you normally require a bachelor's degree or higher in a specific specialty, or its equivalent, for the position.

You state that "[p]rior to hiring two Financial Analysts at our U.S. operations, the Financial Analyst duties were performed by the Chief Investment Officer, and the Investment Associate." You reference the academic credentials and work experience of these two individuals and claim that you satisfy this criterion. However, it is not evident how the academic credentials and work experience of employees who held other positions and were responsible for the beneficiary's duties establishes that you normally require a bachelor's degree or higher in a specific specialty, or its equivalent, for the position. You also provided no evidence to establish these individuals performed Financial Analyst duties. Moreover, you state that your Chief Investment Officer "has nearly twenty years of directly relevant investment experience," however, you did not provide evidence demonstrating that the experience is equivalent to a bachelor's degree in a specific specialty.

Also, you state that your investment team consists of a Chief Investment Officer, an Investment Associate, "and now two Financial Analysts." As you do not claim, nor does the record establish, you have previously hired Financial Analysts and your organizational chart shows only two Financial Analyst positions, it appears that this is the first time hiring for this position within your organization. Thus, it is not evident how you can satisfy the criterion at 8 CFR section 214.2(h)(4)(iii)(A)(3) when you have not previously recruited or hired for the position.

USCIS incorporates by reference its previous discussion regarding your job announcement in that, contrary to your claimed requirements, it does not require a bachelor's degree or higher in a specific specialty, or its equivalent, for the position.



While you claim that the offered position requires a degree, your opinion alone cannot establish the position as a specialty occupation. The critical element is not the title of the position or an employer's self-imposed standards, but whether the position actually requires the theoretical and practical application of a body of highly specialized knowledge, and the attainment of a baccalaureate or higher degree in the specific specialty, as the minimum for entry into the occupation as required by the Act. If USCIS was limited solely to reviewing a petitioner's self-imposed requirements, then any individual with a bachelor's degree could be brought to the United States to perform any occupation as long as the employer required the individual to have a baccalaureate or higher degree. *See Defensor v. Meissner*, 201 F.3d. 384 (5th Cir. 2000).

Moreover, as discussed above, you have not established how each of the qualifying fields of study that you have listed for the offered position is directly related to the duties and responsibilities of the position. Accordingly, you have not established that you normally require a bachelor's degree or higher in a specific specialty, or its equivalent, based on your own educational requirements.

Therefore, the evidence of record does not satisfy the third criterion at 8 CFR, section 214.2(h)(4)(iii)(A)(3): that the employer normally requires a degree, or its equivalent, in a specific specialty for the position.

### IV. Discussion of 8 CFR, section 214.2(h)(4)(iii)(A)(4)

#### Knowledge Required to Perform Specified Duties is Associated with Degree

To meet this criterion, you must submit evidence demonstrating that the nature of the specific duties of the offered position are so specialized and complex that the knowledge required to perform these duties is usually associated with the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent.

USCIS incorporates by reference its previous discussion regarding the Dr. Sapp's opinion letter, your degree requirements, and the implication of the position's wage level designation into this criterion.

Moreover as discussed above, you have not established how each of the qualifying fields of study that you have listed for the offered position is directly related to the duties and responsibilities of the position. Accordingly, the record does not establish that the nature of the specific duties of the offered position are so specialized and complex that the knowledge required to perform these duties is usually associated with the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, based on your own educational requirements.

Therefore, the evidence of record does not satisfy the criterion at 8 CFR, section 214.2(h)(4)(iii)(A)(4): that the nature of the specific duties is so specialized and complex that the knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree in a specific specialty.

The record does not establish that the job offered satisfies the requirements of section 214(i)(1) of the Act. Further, you have not demonstrated that any of the four criteria enumerated in 8 CFR, section 214.2(h)(4)(iii)(A), above, are present in this proceeding. As such, the evidence of record does not establish that the job offered qualifies as a specialty occupation under section 101(a)(15)(H)(i)(b) of the Act. Therefore, your petition is denied.

If applicable, the portion of the petition requesting an extension of stay or change of status for the



beneficiary is also denied because the nonimmigrant visa petition filed on the beneficiary's behalf is denied.

This decision may leave the beneficiary without lawful immigration status. If the beneficiary is present in the United States in violation of the law, he or she is required to depart immediately. Remaining in the United States without a lawful status after the date of this decision may result in the accrual of unlawful presence under section 212(a)(9)(B) of the Act and may adversely affect the beneficiary's ability to return to the United States lawfully in the future.

If you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may file a motion or appeal of this decision by completing a Form I-290B, Notice of Appeal or Motion. You may also include a brief or other written statement in support of your appeal. The appeal must be filed within 33 days from the date of this notice. If an appeal or a motion is not filed within 33 days, this decision is final.

You must send your completed Form I-290B and supporting documentation with the appropriate filing fee to:

USCIS 290B
PO Box 21100
Phoenix AZ 85036

To obtain the Form I-290B, visit www.uscis.gov/forms. For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 CFR 103.3 or 103.5; call our USCIS Contact Center at 1-800-375-5283; or visit your local USCIS office.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.

Sincerely,

*Laura Zuchowski*

Laura B. Zuchowski
Director

